Dear Robert A. Hahn
Your predecessor requested our opinion concerning the role of the State Ethics Commission ("Ethics Commission") with respect to the filing of financial disclosure statements by public officials under the Maryland Public Ethics Law. Specifically, in light of a recent performance audit by the Office of Legislative Audits, she asked (1) whether the Ethics Commission has the primary responsibility under Maryland law for determining and tracking who is a public official required to file a financial disclosure statement; and (2) whether the Ethics Commission is required to review each such statement annually.
Our responses to those questions are as follows:
1. The Public Ethics Law defines "public official" with respect to each of the three branches of State government. With respect to the executive branch, the Ethics Commission is the agency primarily responsible for determining whether certain individuals fall within that category, based on information provided by the employing agency. The Ethics Commission has a limited role in determining whether some employees of the judicial branch should be excluded from the filing requirement. The law does not assign the Ethics Commission a role in determining whether an employee of the legislative branch is a "public official."
2. The Public Ethics Law directs the Ethics Commission to review each financial disclosure statement and not just a sampling of filings. However, in our opinion, the Ethics Commission has discretion how to conduct that review in the most efficient and effective manner — which may not necessarily involve each statement being reviewed during the same year that it is filed.
 I Background
A. Requirement to File Financial Disclosure Statements
The Public Ethics Law requires that certain categories of government officials and candidates for public office file annual financial disclosure statements with the Ethics Commission.[1] Annotated Code of Maryland, State Government Article ("SG"), § 15-601. The statement is to contain schedules disclosing the individual's interests in real property; interests in corporations, partnerships, limited liability companies, and limited liability partnerships; employment by, or interests in, business entities doing business with the State; certain categories of gifts received; debts owed to business entities doing business with the State; a list of any family members employed by the State; and sources of earned income. SG § 15-607. The statement, which may be submitted electronically, must be filed under oath by April 30 each year and contain information concerning the individual's financial holdings and activities during the previous calendar year. SG § 15-602.
In setting forth the individuals who must file disclosure statements, the Public Ethics Law identifies two categories of "officials" — "State officials" and "public officials." SG § 15-102(bb). The phrase "State official" encompasses a number of elected and appointed officials. SG § 15-102(ll).[2] Candidates for those offices must also file financial disclosure statements. SG § 15-601.
The statute defines the phrase "public official" with respect to each of the three branches of government. SG § 15-103. For the legislative and judicial branches, the designation of "public officials" is fairly straightforward. SG § 15-103(c), (d). An individual in the legislative branch is a public official if he or she receives compensation equivalent to at least State grade level 16 and is designated as a public official by order of the presiding officers of the General Assembly. SG § 15-103(c).
An individual in the judicial branch is a public official if he or she receives compensation equivalent to at least State grade level 16, unless excluded by the Ethics Commission upon recommendation of the State Court Administrator if the Ethics Commission determines that the position does not have policy, policy advice, quasi-judicial or procurement functions. SG § 15-103(d).
With respect to employees of executive units,[3] application of the phrase "public official" can require a more elaborate analysis. The phrase encompasses public employees in executive units who satisfy the following criteria, subject to certain exceptions:
 (1) an individual who receives compensation at a rate equivalent to at least State grade level 16, or who is appointed to a board, if the Ethics Commission determines . . . that:
 (i) the individual, acting alone or as a member of an executive unit, has decision making authority or acts as a principal advisor to one with that authority:
 1. in making State policy in an executive unit; or
 2. in exercising quasi-judicial, regulatory, licensing, inspecting, or auditing functions; and
 (ii) the individual's duties are not essentially administrative and ministerial;
 (2) any other individual in an executive unit, if the Ethics Commission determines that the individual, acting alone or as a member of the executive unit, has decision making authority or acts as a principal advisor to one with that authority in drafting specifications for, negotiating, or executing contracts that commit the State or an executive unit to spend more than $10,000 in a year. . . .
SG §§ 15-102(ff), 15-103(b).[4] The Ethics Commission is to determine, with advice from the Secretary of Budget and Management ("DBM"), whether an individual in an executive unit of State government falls within this category and therefore is required to file a disclosure statement. SG § 15-208.
In carrying out its role in designating individuals subject to the financial disclosure requirements, the Ethics Commission may exempt a State board, or a member of a board, from the requirements of the Ethics Law or modify those requirements, including the filing requirements, if the Ethics Commission finds that compliance would be an unreasonable invasion of privacy, would significantly reduce the availability of qualified individuals for public service, and is not necessary to carry out the purposes of the law. SG § 15-209; see also
COM AR 19A.03.01 (financial disclosure by members of boards and commissions); COMAR 19A.03.02 (financial disclosure by faculty members).
B. Review of Financial Disclosure Statements by EthicsCommission
Among the duties that the General Assembly has assigned to the Ethics Commission is the review of certain statements and reports filed under the Public Ethics Law. With respect to financial disclosure statements, the statute provides:
 The Ethics Commission shall . . . review each statement and report filed in accordance with [the provisions governing financial disclosure statements] and notify officials and employees submitting documents under [those provisions] of any omissions or deficiencies
SG § 15-205(a)(5). The statute does not establish a time line or deadline for this review.
C. Procedures Used by Ethics Commission
In practice, the Ethics Commission relies on information from executive branch departments and independent agencies to identify positions subject to the financial disclosure requirements. The Ethics Commission has issued a Financial Disclosure Filer Identification Manual to help an agency accurately maintain its list of positions subject to the financial disclosure requirement. See
ethics.gov.state.md.us/fdmanual.htm.
Under the process set forth in the manual, the agency is to apply the statutory criteria to its positions. See Manual at p. 1. If the agency determines that there is a change in the list of individuals subject to the requirement, which generally occurs as a result of a newly created position, a reorganization, changes in rates of pay for existing positions, or reclassifications, it forwards a request to the Ethics Commission to add or delete a position. Id. The Ethics Commission reviews the request, makes its decision, and reports that decision to DBM, which may concur or recommend further review. Id. at 2. If, after considering the advice of DBM, the Ethics Commission decides that a position should be included, the Commission sends the appropriate forms to the agency, which then distributes the forms to the employee with instructions to file them with the Ethics Commission. Id.
With respect to the review of filed statements, your predecessor advised that the Ethics Commission reviews the statements of a portion of filers (i.e., 25%) each year on a rotating basis.
 II Audit Report
In June 2006, the Office of Legislative Audits completed a performance audit of the Ethics Commission's administration of the State public ethics system with respect to executive branch employees. See
Performance Audit Report, State Ethics Commission (Office of Legislative Audits, December 2006) ("Audit Report"). The Legislative Auditor concluded that the Ethics Commission was not adequately performing certain responsibilities required by law. See Letter of Bruce A. Myers, CPA, Legislative Auditor, to Members of Joint Audit Committee (December 5, 2006). In particular, the audit found that a substantial proportion of a sampling of employees required to file annual financial disclosure statements had not done so, and that the Ethics Commission had reviewed only about one-quarter of the statements filed for fiscal year ("FY") 2004. Id.
The Audit Report made a number of recommendations, two of which relate to your questions:
 We recommend that the Commission institute procedures designed to ensure that all required filers are identified and file financial disclosure statements. We believe that there are several methods that could be used to accomplish this recommendation. For example, the Commission could work with DBM and MDOT to develop specific job classifications that are required to file statements and perform automated matches to ensure that all persons in those classifications have been identified and made aware of the filing requirements. Automated processes could also be developed to identify new and terminated employees in these classifications.
 * * * We recommend that the Commission develop a plan for complying with State law which requires the review of annual financial disclosure statements. We also recommend that the Commission work with the electronic filing system vendor to develop automated review processes that can compare multiple filings for an official or employee and that can provide listings of potential omissions and errors.
Audit Report, pp. 29-30.
In response to the first recommendation, the Ethics Commission acknowledged that there are likely State employees required to file financial disclosure statements who have not done so, but stated that a statutory change and additional information technology resources would be necessary to implement the recommendation. Audit Report, Appendix A at pp. 1-2. The Ethics Commission also stated that it lacked the resources required to comply with the Auditor's recommendation concerning the annual review of all disclosure statements. Id. at pp. 6-7. The Ethics Commission explained that it was only able to review about 25% of the statements in FY 2004 but was able to review a larger number in FY 2005 because of an increase in electronic filings, which are not accepted if the filer leaves out required information.Id. The Ethics Commission also expressed the view that annual reviews were no longer necessary because the reported financial information seldom changes from year to year. Id.
 III Analysis
A. Responsibility to Determine Who Is a Public Official
Your predecessor asked whether the Commission has primary responsibility for determining and tracking those State employees who meet the definition of "public official" under the Public Ethics Law. More particularly, she asked whether the Ethics Commission has the statutory authority "to have unfettered access to all of the divergent personnel systems in order to obtain the information required for making the determination" whether an individual is subject to the filing requirement.
As the statutory provisions outlined above make clear, the Ethics Commission has no role in determining whether an employee of the legislative branch is a "public official" and only a limited role with respect to the exclusion of some employees of the judicial branch. SG § 15-103(c)-(d). However, the Public Ethics Law clearly directs the Ethics Commission to make a determination as to whether an individual in an executive unit is subject to the filing requirement. SG §§ 15-103(b), 15-208. Indeed, the law gives the Ethics Commission the final say on that question. But the Ethics Commission can only carry out that responsibility with assistance from the employing agencies.
When it first created the Ethics Commission in 1979, the General Assembly delegated to the Ethics Commission the task of identifying those individuals in the executive branch "in a managerial or policy making position," as a prerequisite to the determination whether the individual was subject to the financial disclosure filing requirements.See Annotated Code of Maryland, Article 40A, § 1-201(z) (1980 Supp.). In 1981, the General Assembly amended the definition of "public official" to require the Ethics Commission to determine whether an executive agency employee compensated at a particular pay level exercises "decision making authority or acts as a principal advisor to one with such authority." See Chapter 796, Laws of Maryland 1981, codified inpertinent part at Article 40A, §§ 1-201(aa), 2-103(h) (1981 Supp.). This definition has remained essentially unchanged and is now found in SG §§ 15-103(b), 15-208.
The statutory scheme does not contemplate that the Ethics Commission perform this function alone. The Ethics Commission's determination is to be made with advice from DBM. SG § 15-208. DBM, in turn, is primarily responsible with the heads of the principal units of the executive branch for developing classifications for positions for the State Personnel Management System. See Annotated Code of Maryland, State Personnel and Pensions Article, §§ 4-201 et seq., 6-401 etseq.[5]; see also Dept. of Public Safety Correctional Serv. v. Myers, 392 M d. 589, 591, 898 A.2d 465 (2006) (describing the classification process). These classifications contain the information that enables the Ethics Commission to make a determination whether an individual is a "public official."[6]
In sum, the General Assembly has assigned to the Ethics Commission the primary responsibility for designating those individuals in executive units w ho are public officials required to file a financial disclosure statement. If the Ethics Commission is unable to carry out this task with existing resources, it may seek funding to develop automated processing to improve its ability to identify these individuals or recommend to the General Assembly that this statutory mandate be changed. See SG §§ 15-205(a)(4) and 15-205(f) (providing that Ethics Commission shall review "the adequacy of existing public ethics laws" and include recommendations for legislation in its annual report to the General Assembly).
B. Duty to Review Financial Disclosure Statements
Your predecessor also asked about the obligation of the Ethics Commission to review each financial disclosure statement. As we understand it, the Legislative Auditor contends that the statute requires an annual review of each statement while the Ethics Commission contends that it can satisfy the statutory requirement by examining the filings of a subset of filers each year — for example, reviewing filings of one-fourth of the filers each year on a rotating basis.
Since 1973, a public official subject to the law's disclosure provisions has been required to file a statement annually. See Annotated Code of Maryland, Article 33, § 29-4 (1973 Suppl.). In 1979 the General Assembly directed the Ethics Commission to "review all [disclosure] statements" and "notify officials of any omissions or deficiencies."See Article 40A, § 2-1 03(e) (1980 Supp.) (emphasis added). These requirements — now found at SG §§ 15-205(a)(5), 15-602 — have not been substantively changed during the last three decades.[7]
The statute literally requires the Ethics Commission to reviewall filings, but does not set a deadline or dictate the method of such review. For example, the Ethics Commission might undertake to review all filings by staggering the review so that it reviews the filings made by a subset of filers for multiple years during one year, reviews multiple year filings of another subset of filers the next year, and so on, on a rotating basis. The Ethics Commission might conclude that such a method is a more efficient and effective way to achieve the evident purpose of this requirement — enhanced compliance with the financial disclosure requirements by those subject to the filing requirement. Also, as both the Auditor and the Ethics Commission have noted, the development of electronic filing should help eliminate many innocent errors and omissions in the completion of the forms. However, to the extent that the Ethics Commission does not ultimately review all filings, or reviews only a small subset of filers each year, it will not be able to notify filers of "omissions and deficiencies" in a timely manner, as required by the statute. For example, a cycle that covers all filers every four to five years might not review the filings of individuals serving terms of four years or less on a timely basis.
 IV Conclusion
For the reasons stated above, we conclude as follows:
1. With respect to the executive branch, the Ethics Commission is the agency primarily responsible for determining whether certain individuals fall within the category of "public official" required to file financial disclosure statements, based on information provided by the employing agency. The Ethics Commission has a limited role in determining whether some employees of the judicial branch should be excluded from the filing requirement. The law does not assign the Ethics Commission a role in determining whether an employee of the legislative branch is a "public official."
2. The Public Ethics Law directs the Ethics Commission to review each financial disclosure statement and not just a sampling of filings. However, in our opinion, the Ethics Commission has discretion how to conduct that review in the most efficient and effective manner — which may not necessarily involve each statement being reviewed during the same year that it is filed.
Douglas F. GanslerAttorney General
Mark J. DavisAssistant Attorney General
Robert N. McDonaldChief CounselOpinions and Advice
[1] A candidate for public office is required to submit evidence of the filing of the disclosure statement with the Ethics Commission when the candidate files his or her certificate of candidacy with the appropriate board of elections. Annotated Code of Maryland, Election Law Article, § 5-304(d)(3).
[2] These officials include: a constitutional officer or officer-elect in an executive unit, a member or member-elect of the General Assembly, a judge or judge-elect, a judicial appointee, a State's Attorney, a clerk of the circuit court, a register of wills, and a sheriff. SG § 15-102(ll).
[3] An executive unit includes a department, agency, commission, board, council or other body that is established by law and is not in the legislative or judicial branch of State government. SG § 15-102(m)(1). Attorney General Sachs interpreted the phrase "established by law" to refer to a body that is "created by a law passed by the General Assembly, by a legislative rule, or by an executive order having the force of law." 65 Opinions of the Attorney General 352, 353 (1980). Thus, a board or commission established by a general executive order not based on any specific statute, a general administrative directive or a legislative resolution would not be "established by law." Id.
at 355.
[4] The statutes also specifies that the term "public official" includes a member, appointee, or employee of the Maryland Stadium Authority and of the Canal Place Preservation and Development Authority, a member of the Emergency Medical Services Board, and a member of a bicounty commission. SG §§ 15-103(b)(3), (4), (5), 15-103(e).
There are also some exceptions to the general definition. The most important exceptions concern State officials, individuals employed on a contractual basis, and faculty members at State institutions of higher education. SG § 15-103(f). Under certain circumstances defined by statute, individuals employed on a contractual basis and faculty members may be considered public officials. Id.
[5] In agencies with independent personnel systems, this function would be handled by the agency. However, DBM remains responsible for advising the Ethics Commission as to whether a particular position qualifies as a public official under the Public Ethics Law. SG § 15-208.
[6] The Legislative Auditor recommended that the Ethics Commission develop an automated process to identify new and terminated employees in these classifications. We do not believe that implementation of the Auditor's recommendation would require an amendment of the Public Ethics Law. Allowing the Ethics Commission better access to classification information in the agency personnel departments presents an operational challenge, not a legal one.
[7] As part of a non-substantive code revision, the reference to "all" statements was changed to "each" statement in SG § 15-205(a)(5). Chapter 533, § 2, Laws of Maryland 1995. *Page 165